■ In the Matter of JAMES MCCLOUD, Appellant, v T. A. COUGHLIN, III, et al., Respondents. — In a CPLR article 78 proceeding to review a determination of the Superintendent of the Green Haven Correctional Facility penalizing petitioner for an assault on another inmate, petitioner appeals from a judgment of the Supreme Court, Dutchess County (Palella, J.), dated April 21, 1983, which dismissed the petition. ¶ Judgment affirmed, without costs or disbursements. ¶ Administrative review of the Superintendent's determination by the New York State Commissioner of Correctional Services was available (see 7 NYCRR 254.8). Petitioner not having exhausted his administrative remedies, the petition was properly dismissed by Special Term (see *Matter of Patterson v Smith,* 53 NY2d 98; *Matter of Hall v LeFevre,* 84 AD2d 622, mot for lv to app den 55 NY2d 603; *Matter of Buxton v Winch,* 78 AD2d 758, mot for lv to app den 53 NY2d 601). Mollen, P. J., Titone, Mangano and Lawrence, JJ., concur.

■ In the Matter of RALPH PERRITANO, Appellant, v TOWN OF MAMARONECK et al., Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondents to stipulate to a simplified procedure for court determination of disputes (see CPLR 3031-3037), petitioner appeals from a judgment of the Supreme Court, Westchester County (Cerrato, J.), entered April 15, 1983, which dismissed the proceeding as time barred. ¶ Judgment affirmed, without costs or disbursements, and without prejudice to any other action petitioner may be advised to take. ¶ Petitioner, a police officer in the Town of Mamaroneck, submitted a grievance to the town's Chief of Police demanding $62,997.96 in stand-by pay pursuant to the collective bargaining agreement between the town and petitioner's union. The grievance was denied in January, 1982, and an appeal to the Town Board was denied in March, 1982. Thereafter, the parties attempted to formulate a stipulation for resort to the simplified procedure for court determination of disputes (SPCDD) (see CPLR 3031-3037) required under the agreement. After petitioner's proposed stipulation was rejected by the town, petitioner commenced this proceeding pursuant to CPLR article 78 in January, 1983, to compel the town to agree to a SPCDD statement. Subsequently, the proceeding was dismissed on the ground that it was not commenced within the applicable four-month Statute of Limitations (CPLR 217). We agree with dismissal but for different reasons. ¶ The underlying claim is one in contract and the six-year limitations period (CPLR 213, subd 2) applies (*Nassau Ch. of Civ. Serv. Employees Assn. v County of Nassau,* 84 AD2d 784; *Aloi v Board of Educ.,* 81 AD2d 874). The proceeding must be dismissed, however, for the reason that mandamus will not lie where there is no duty imposed on the town by law (see CPLR 7803; *Matter of Chamberlain v Regan,* 52 AD2d 1039) and the CPLR itself provides for a motion procedure to settle a SPCDD statement when the parties cannot agree (CPLR 3033, 3034). We will not convert the proceeding into a contract action because the petition does not discuss the merits of the claim but is confined to seeking a SPCDD statement (see *Matter of Schwab v Bowen,* 41 NY2d 907). Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.