■ In the Matter of JOHN SANCHEZ, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent. (Proceeding No. 1.) In the Matter of JEFFREY YOUNG, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent. (Proceeding No. 2.)—Main, J. P. Appeal, in proceeding No. 1, from a judgment of the Supreme Court at Special Term (Williams, J.), entered May 7, 1984 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to exhaust administrative remedies.

Appeal, in proceeding No. 2, from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered May 30, 1984 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to exhaust administrative remedies.

Petitioners are inmates who were charged with violating various institutional rules. Following superintendent's hearings, petitioners were found guilty and dispositions were made. Petitioners then commenced these CPLR article 78 proceedings to vacate the administrative determinations. Respondent moved to dismiss both proceedings on the ground that petitioners failed to exhaust their administrative remedies. These motions were granted and petitioners appeal.

Pursuant to 7 NYCRR 254.8: "Any inmate shall have the right to appeal the disposition of any superintendent's hearing, to which he was a party, to the commissioner within 30 days of receipt of the disposition." The record clearly reveals that petitioners were informed, orally at the conclusion of their hearings and in writing on their hearing disposition notices, that: "you may appeal this disposition to the Superintendent within 72 hours of receipt of this disposition. You may communicate in writing with the Commissioner in connection with the matter and appeal the disposition within thirty days."

Petitioners first claim that the use of the word "may" in the notices makes such administrative review permissive rather than mandatory and, therefore, their failure to pursue such administrative review does not preclude their maintenance of these proceedings. We reject this claim. We have recently, in

analogous circumstances, rejected an argument similar to that advanced by petitioners (*see, Matter of Elliott v City of Binghamton,* 94 AD2d 887, 889, *affd* 61 NY2d 920; *cf. Matter of Mallard v Dalsheim,* 97 AD2d 545, 547) and we are not now persuaded otherwise. Thus, although inmates are not required to pursue administrative appeals, those choosing to pursue that avenue must do so within the time constraints of 7 NYCRR 254.8. By failing to pursue their administrative remedies, petitioners cannot now challenge the dispositions in CPLR article 78 proceedings (*see, Matter of McCloud v Coughlin,* 102 AD2d 854).

We reject petitioners' further claim that the notices do not comport with due process requirements. In our view, the notices provided petitioners with ample opportunity to pursue their contentions and the records reveal that petitioners expressed understanding of the avenues of appeal available to them. Finally, we see no reason to address the merits, especially in light of the fact that the records were not fully developed on these motions to dismiss. We note that we have recently reiterated the rule in the Third Department that dispositions in inmate disciplinary proceedings can be supported by unsworn inmate misbehavior reports prepared by one with actual knowledge of the facts (*Matter of Burgos v Coughlin,* 108 AD2d 194).

Judgments affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.