■ In the Matter of ROBERT D. LONSKI, on Behalf of DONNA COLBY, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of Department of Correctional Services, et al., Respondents.—Judgment unanimously reversed, on the law, and matter remitted to respondents for a new hearing, in accordance with the following memorandum: Petitioner was

charged with committing sexual contact consisting of kissing and necking with another inmate. At her disciplinary hearing, the Hearing Officer repeatedly questioned her concerning prior similar acts with the same inmate which had resulted in disciplinary action, and on two occasions he considered testimony given at the other inmate's hearing. We conclude that the Hearing Officer's conduct at the hearing and improper consideration of evidence deprived petitioner of a fair and impartial hearing as required by respondent's regulations (7 NYCRR 253.1 [b]).

At a prison disciplinary hearing, the Hearing Officer may consider an inmate's institutional record for a variety of purposes including, for example, determining the penalty to be imposed. In this case, however, the Hearing Officer's repeated questioning of petitioner in a prosecutorial manner created the clear impression that he improperly considered her prior conduct as evidence of guilt.

The Hearing Officer also erred by considering testimony given at the other inmate's hearing without providing petitioner with a transcript or recording of the testimony. Although petitioner could waive the presence of the witness at her hearing, she was never advised of the complete nature of the witness' testimony nor advised that she was entitled to a transcript or recording. Under the circumstances, any such purported waiver was not knowingly and intelligently given (see, Matter of Garcia v LeFevre, 64 NY2d 1001, 1003; Matter of Burke v Coughlin, 97 AD2d 862). We also note that such testimony is not a part of the hearing record or the record on appeal.

Although a Hearing Officer can preside over multiple hearings involving the same incident, the evidence in each case must be separately considered. By observing that the charging officer testified similarly in the other inmate's case, the Hearing Officer improperly considered evidence outside the record.

Since the alleged event is of recent origin, we believe a fair and impartial hearing can be provided (cf. Matter of Justice v Smith, 69 AD2d 1018). We, therefore, remit this matter to respondents for a new hearing before a different Hearing Officer. (Article 78 proceeding transferred by judgment of Supreme Court, Orleans County, Miles, J., and appeal from judgment of Supreme Court, Orleans County, Miles, J.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.