■ In the Matter of GUY FRACCOLA, Petitioner, v CITY OF UTICA et al., Respondents.—Determination unanimously confirmed and petition dismissed without costs. Memorandum: Petitioner appeals from the determination of Mayor Louis LaPolla of the City of Utica which removed him from his position as Deputy Chief of the Utica Police Department. He argues that the appointment of the Hearing Officer, John Clyne, was invalid because Clyne was not an employee of the

Department of Public Safety, as required by McKinney's Unconsolidated Laws of NY § 891 (L 1940, ch 834). Although that section has been applied in this situation *(see, Matter of Vano v McGuire,* 70 AD2d 540), strict compliance was impossible here because of petitioner's high position in the Utica Police Department. Petitioner had a close relationship with the Chief of Police, who therefore could not act as Hearing Officer, and the Commissioner of Public Safety properly disqualified himself because his actions during the investigating phase of the matter showed bias against petitioner *(see, Matter of Edgar v Dowling,* 96 AD2d 510, 511; *Matter of Sander v Owens,* 82 AD2d 968, 969). The only remaining candidates were subordinates. We hold that respondent city properly proceeded under Civil Service Law § 75 in appointing John Clyne, a retired County Judge from another county. He had the background and ability to be a fair Hearing Officer, and actual compliance with McKinney's Unconsolidated Laws of NY § 891 was impossible *(cf., Cirasuolo v Hasenauer,* 64 AD2d 860, *lv denied* 45 NY2d 713).

Petitioner also contends that, because the Mayor did not have a copy of the hearing transcript prior to rendering his determination, the Mayor failed to review the record independently (Civil Service Law § 75 [2]; McKinney's Uncons Laws of NY § 891) and his determination must be annulled. The Mayor in an affidavit asserts that he reviewed the transcript the day after he made his determination and that it confirmed what he had already been advised by the Corporation Counsel, who had informed him daily of the evidence introduced at the hearing. The Mayor further averred that he fully reviewed the appropriate material. In view of the Mayor's review of the transcript and his unequivocal assertion that after such review he adhered to his original determination, we hold that the error was cured *(cf., Matter of Vano v McGuire, supra).* We further hold that, contrary to petitioner's assertions, the determination was supported by substantial evidence *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180) and that his dismissal was appropriate *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 237).

We have examined petitioner's remaining contentions and find them to be without merit. (Article 78 proceeding transferred by order of Supreme Court, Oneida County, O'Donnell, J.) Present—Dillon, P. J., Callahan, Pine, Lawton and Davis, JJ.