■ In the Matter of KEITH S. LIGRECI, as Sergeant of the Town of Clay Police Department, Petitioner, v OWEN P. HONORS, SR., as Commissioner of Public Safety of the Town of Clay, et al., Respondents.—Determination unanimously annulled on the law without costs, petition granted and matter remitted to respondent Town Supervisor for further proceedings, in accordance with the following memorandum: Petitioner, a Town of Clay police officer, appeals from the determination of Patrick D. DiDomenico, Town of Clay Supervisor, which demoted him from the rank of sergeant to patrolman. Petitioner contends that, because the Town Supervisor did not have a copy of the hearing transcript prior to rendering his determination, the Town Supervisor failed to review the record independently (Civil Service Law § 75 [2]; McKinney's Uncons Laws of NY § 891 [L 1940, ch 834]) and his determination must be annulled. Petitioner's contention has merit *(see, Matter of Wallace v Murphy,* 21 NY2d 433; *Matter of Vano v McGuire,* 70 AD2d 540). Unless the failure to provide the transcript can be cured, the determination must be annulled *(see, Matter of Fraccola v City of Utica,* 135 AD2d 1112, *lv denied,* 72 NY2d 807, *cert denied* 489 US 1053).

There is no dispute that the Town Supervisor did not have the transcript at the time he made his determination on July 31, 1989. The evidence indicates that the earliest it could have been received was August 28, 1989, 28 days after the determination was made. In an affidavit, the Town Supervisor avers that he had reviewed the statement of charges, petitioner's answer, hearing exhibits, and the Hearing Officer's findings and recommendations prior to making his determination and that "a reading of the entire record including the trial testimony only adds further credence to the merits of the action taken". That affidavit was dated December 12, 1989, however, and was submitted in answer to the petition herein. The

circumstances thus are unlike those in *Matter of Fraccola (supra),* and we are unable to conclude that the Town Supervisor had sufficient evidence to make an informed and independent judgment at the time he made his determination *(see, Matter of Wallace v Murphy,* 21 NY2d 433, *supra; Matter of Taub v Pirnie,* 3 NY2d 188). The matter must therefore be submitted for consideration of the entire record.

In view of the foregoing, we need not decide petitioner's remaining contentions. (Article 78 proceeding transferred by order of Supreme Court, Onondaga County, Reagan, J.) Present—Doerr, J. P., Denman, Balio, Lawton and Lowery, JJ.