■ In the Matter of KARY NELSON, Petitioner, v THOMAS A. COUGHLIN, as Commissioner of Department of Correctional Services, et al., Respondents.—Determination unanimously confirmed and petition dismissed. Memorandum: In this CPLR article 78 proceeding, petitioner challenges the determination, following a Tier III prison disciplinary hearing, finding him guilty of creating a disturbance, verbal harassment and making threats. The charges were based on a misbehavior report authored by a deputy superintendent. The Hearing Officer, a lieutenant, is a subordinate of the deputy superintendent. Petitioner argues that, because of that relationship, he was denied his constitutional right to a hearing before a fair and impartial Hearing Officer. Although petitioner has a constitutional right to an unbiased Hearing Officer *(see, Withrow v Larkin,* 421 US 35, 46-47), he failed to raise this issue in his administrative appeal. Petitioner thereby failed to exhaust his administrative remedies and the court has no discretionary power to reach this issue *(see, Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57; *Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375-376).

Were we to reach the merits of this issue, we would grant the petition. At the hearing, the Hearing Officer stated at the outset, "you tell me [the deputy superintendent is] lying, prove it to me," to which petitioner replied, "How can I prove he's lying? All I can do is sit here and tell you that this is not what happened."

In finding petitioner guilty as charged, the Hearing Officer stated that "[t]o believe that a Deputy Superintendent would totally fabricate a misbehavior report when, in your own words, nothing happened, is unbelievable." When petitioner contended that the Hearing Officer believed the allegations in the misbehavior report "because he's a Dep. Superintendent," the Hearing Examiner responded, "That's correct."

The relevant regulations stress the necessity for impartiality in the administration of disciplinary actions (7 NYCRR 250.3 [d]). They further provide that the Hearing Officer must conduct disciplinary hearings in an impartial manner, and that no person who witnessed or investigated the incident, or who authored the misbehavior report, shall serve as Hearing Officer (7 NYCRR 253.1 [b]; 254.1). We conclude that the fact that the Hearing Officer was the subordinate of the author of the misbehavior report represents an inherent conflict of interest on the part of the Hearing Officer. We reached similar conclusions in *Matter of Fraccola v City of Utica* (135 AD2d 1112, *lv denied* 72 NY2d 807, *cert denied* 489 US 1053) and *Cirasuolo v Hasenhauer* (64 AD2d 860, 861, *lv denied* 45 NY2d 713).

In *Matter of Fraccola (supra),* petitioner, who was removed from his position as deputy chief of the Utica Police Department, argued that the appointment as Hearing Officer of a retired Judge from another county was not valid because it violated the requirement that the Hearing Officer be an employee of the Department of Public Safety. We confirmed the determination, concluding *(supra,* at 1113) that the Chief of Police properly disqualified himself as Hearing Officer because of his close relationship with petitioner, the Commissioner of Public Safety properly disqualified himself because he showed bias against petitioner during the investigation, and the "only remaining candidates were subordinates." In *Cirasuolo (supra,* at 861), we held that respondent Sheriff properly delegated the function of conducting the hearing involving charges of misconduct by certain employees of the Sheriff's Department "and selected a local attorney instead of a subordinate in the Sheriff's department as the Hearing Officer".

Were this issue properly before us, we would have concluded that petitioner was denied his right to an impartial Hearing Officer *(see, e.g., Matter of Hodges v Scully,* 141 AD2d 729; *Matter of Lonski v Coughlin,* 126 AD2d 981; *cf., Matter of Claffey v Commissioner of Educ.,* 142 AD2d 845, 846) and that a de novo hearing before an impartial Hearing Officer was required.

Petitioner also challenges the sufficiency of the evidence to support the determination. The misbehavior report constituted substantial evidence to support the determination *(see, People ex rel. Vega v Smith,* 66 NY2d 130). (Article 78 Proceeding Transferred by Order of Supreme Court, Wyoming County,

Dadd, J.) Present—Green, J. P., Pine, Boehm, Fallon and Doerr, JJ.