**Joseph VALENTINE, Plaintiff,**

v.

**Correction Sergeant HONSINGER; Superintendent Charles Scully; Correction Lieutenant Connley; and Donald Selsky, Defendants.**

**No. 93 Civ. 3140 (SAS) (SEG).**

United States District Court, S.D. New York.

July 28, 1995.

Joseph Valentine, pro se.

August L. Fietkau, Asst. Atty. Gen., State of New York Dept. of Law, New York City, for defendants.

### ORDER

SCHEINDLIN, District Judge.

I have reviewed the comprehensive Report of Magistrate Judge Grubin. There are no objections. I hereby adopt the Report in full.

So Ordered.

*REPORT AND RECOMMENDATION
TO THE HONORABLE SHIRA
A. SCHEINDLIN*

GRUBIN, United States Magistrate Judge:

Pending in this action filed *pro se* pursuant to 42 U.S.C. § 1983 are cross-motions for summary judgment of plaintiff, at all times pertinent an inmate at the Green Haven Correctional Facility, and two of the four named defendants, Green Haven Lieutenant Daniel Connolly and the Director of the Special Housing/Inmate Disciplinary Program for the New York State Department of Correctional Services ("NYSDOCS"), Donald Selsky. The other two named defendants, a Green Haven sergeant identified only as Honsinger and the former Superintendent at Green Haven, Charles Scully, have not been served and have never appeared in this action.[1] For the following reasons, the motions of defendants Connolly and Selsky should be granted and plaintiff's should be denied.

## I.

▪ Under Rule 56(c) of the Federal Rules of Civil Procedure, a motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party must initially satisfy a burden of demonstrating the absence of a genuine issue of material fact, which can be done merely by pointing out that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986).

The nonmoving party then must meet a burden of coming forward with "specific facts showing that there is a genuine issue for trial," Fed.R.Civ.P. 56(e), by "a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. at 322, 106 S.Ct. at 2552.

▪ The court "must resolve all ambiguities and draw all reasonable inferences in favor of the party defending against the motion," *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir.1985); *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970); *Hathaway v. Coughlin*, 841 F.2d 48, 50 (2d Cir.1988); *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987), and extend extra consideration to a *pro se* plaintiff who is to be given "special latitude on summary judgment motions." *McDonald v. Doe*, 650 F.Supp. 858, 861 (S.D.N.Y.1986). *See also Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam). But the court is to inquire whether "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986), and to grant summary judgment where the nonmovant's evidence is irrelevant or merely colorable, conclusory, speculative or not significantly probative. *Id.* at 249–50, 106 S.Ct. at 2511; *Knight v. U.S. Fire Ins. Co.*, 804 F.2d at 12, 15; *Argus Inc. v. Eastman Kodak Co.*, 801 F.2d 38, 45 (2d Cir.1986), *cert. denied*, 479 U.S. 1088, 107 S.Ct. 1295, 94 L.Ed.2d 151 (1987).

---

**1.** Plaintiff's complaint was filed on May 11, 1993, and on May 28, 1993 I sent a letter to him explaining that the case had been referred to me for pretrial purposes and that pursuant to Fed. R.Civ.P. 4(m), a summons and complaint must be served on the defendants within 120 days from May 11 or his case might be dismissed. The letter also told him that if he did not know the procedure for effecting service, he could contact the court's *Pro Se* Office for instructions. On July 29, 1993 we received a discovery request from him, and my law clerk wrote back to him that day explaining that discovery requests are to be served on his adversary. My clerk, seeing from the file that only two of the four defendants had yet been served and that the Marshal's Office had filed a Process Receipt and Return showing that its attempts at service on both Honsinger and Scully had not been effected, also told him, "If you have any questions as to how to carry out ... serving the two unserved defendants, you should direct them to this court's *Pro Se* Office." Plaintiff's 120–day period thereafter expired on September 8, 1993 with no further word from him.

## II.

Plaintiff's complaint involves two sets of claims arising from disciplinary charges against him at Green Haven. First, in connection with a disciplinary hearing on March 30–31, 1990, the complaint alleges that defendants Connolly (the hearing officer) and Selsky (who decided the appeal of Connolly's decision) violated plaintiff's constitutional right to call witnesses. The complaint further alleges that Selsky first denied his appeal and then, after plaintiff "filed an Article 78, and well after the sentence imposed had been served," reversed the hearing disposition. He claims that Selsky follows a general practice of first affirming illegally conducted hearings and then reversing them after the inmate has served his entire punishment and "only when the inmate goes to Court," in order to avoid adverse New York State Supreme Court rulings. Complaint ¶ 9. Plaintiff contends that his punishment in connection with this hearing was 45 days keeplock and 32 days loss of privileges. Plaintiff seeks compensatory damages based on the number of days he spent in keeplock.[2]

The following facts put forward by defendants Connolly and Selsky in support of their motions are not in dispute. An inmate misbehavior report was issued against plaintiff on December 15, 1989 charging him with six rules violations arising from allegations that he became loud, disruptive and abusive and threatened an officer during a trip to the Fishkill Correctional Facility, made sexually offensive remarks once inside Fishkill, and disobeyed orders and threw a lunch bag at a corrections officer upon his return to Green Haven. Defendants' Rule 3(g) Statement ¶¶ 1–3; Defendants' Exhibit A; Plaintiff's Rule 3(g) Statement ¶¶ 7–9. At a Tier III Superintendent's Hearing on December 28, 1989 before Lieutenant G. Schneider, who is not a party to this action, plaintiff was found guilty of four of the charges and sentenced to 45 days keeplock (effective as of December 15, 1989, when he was placed in keeplock pending the hearing) and 32 days loss of privileges. Plaintiff served those penalties and was released on January 29, 1990. Def. 3(g) Stmt. ¶¶ 4–5; Def.Ex. B; Pl. 3(g) Stmt. ¶¶ 10–11; Affidavit of Joseph Valentine, sworn to June 28, 1994, ¶¶ 5–6. While serving them, plaintiff filed an administrative appeal dated January 10, 1990 which was received by the NYSDOCS Commissioner's Office on January 17, 1990. On March 16, 1990 defendant Selsky reversed the determination for "inappropriate denial of witness who could provide information regarding seriousness from a supervisory level" and ordered a rehearing. Def. 3(g) Stmt. ¶ 6; Def.Ex. B; Pl. 3(g) Stmt. ¶ 12. On March 30–31, 1990 a rehearing was held before defendant Connolly, who found plaintiff guilty of two of the charges and imposed "time served" penalties of 45 days keeplock (for December 15, 1989 through January 29, 1990) and 32 days loss of privileges (for December 28, 1989 through January 29, 1990). Plaintiff thus suffered no additional punishment as a result of the rehearing. Def. 3(g) Stmt. ¶¶ 7–9; Def.Exs. C, D; Affidavit of Daniel Connolly, sworn to April 1, 1994, ¶¶ 1–6; Pl. 3(g) Stmt. ¶¶ 13–15; Valentine Aff. ¶ 10. Plaintiff filed an administrative appeal dated April 17, 1990, which was received by the NYSDOCS Commissioner's Office on April 23, 1990. On June 15, 1990 defendant Selsky reversed that determination for "inappropriate denial of witness," because Connolly failed to interview witnesses requested by plaintiff who had been transferred to another facility, and ordered that records of the hearing be expunged. Def. 3(g) Stmt. ¶¶ 10–11; Def.Ex. E; Pl. 3(g) Stmt. ¶¶ 16–17.

Contrary to the allegations of the complaint, there is no evidence that defendant Selsky affirmed either the December 28,

---

2. With respect to unserved defendants Honsinger and Scully the complaint presents a separate claim relating to a misbehavior report filed against plaintiff on November 20, 1990. Plaintiff alleges that, in retaliation for certain complaints he made about Honsinger and Scully, they retaliated against him by ordering another corrections officer to file this false misbehavior report, and that after he spent 13 days in keeplock, the charge was dismissed at a hearing on December 3, 1990. Neither Connolly nor Selsky is alleged to have had any involvement in the November 20, 1990 report, the December 3, 1990 hearing or the events leading up to them. Insofar as Honsinger and Scully have never been joined in this action, this claim must be dismissed (*see* footnote 1, above).

1989 hearing or the March 30–31, 1990 rehearing prior to reversing them. The record is further devoid of any evidence that plaintiff commenced an Article 78 proceeding with respect to either of these hearings or any of the events that gave rise to them. The only Article 78 proceeding to which plaintiff refers in his submissions in response to defendants' motion and in support of his own is one he claims to have commenced in the New York State Supreme Court, Dutchess County, on September 10, 1990, *i.e.*, three months *after* Selsky reversed Connolly's March 31, 1990 determination. (This Article 78 proceeding is alleged by plaintiff as a basis for his retaliation claim against the other two defendants, Honsinger and Scully, who have not been served. Valentine Aff. ¶ 14.) There is, thus, no evidence in the record that defendant Selsky, *either* with respect to plaintiff or as a general practice, reversed hearings that he first affirmed only after punishment had been served and only after an Article 78 proceeding had been commenced.

### III.

█ Plaintiff has wholly failed to satisfy his burden of coming forward with facts showing there is a genuine issue for trial, and defendants Connolly and Selsky are entitled to judgment as a matter of law. Even if we construe the facts for plaintiff to assume *arguendo* that he was denied his right to call witnesses, see *Wolff v. McDonnell,* 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 4 L.Ed.2d 935 (1974), at the March 30–31, 1990 rehearing, there would be no claim because plaintiff suffered no deprivation of liberty as a result of Connolly's conduct because the sentence issued by Connolly on March 31, 1990 was limited to punishment plaintiff had already served. Indeed, because Selsky ordered records of the hearing expunged, there was no harm at all as a result of the March 30–31 hearing. Accordingly, plaintiff's claims

against Connolly and Selsky based on the March 30–31 rehearing must be dismissed. See *Young v. Hoffman,* 970 F.2d 1154, 1156 (2d Cir.1992) (per curiam), *cert. denied,* —— U.S. ——, 114 S.Ct. 115, 126 L.Ed.2d 80 (1993) (setting aside nominal damages award of one dollar against hearing officer for failure to call witnesses at hearing as a result of which inmate suffered no penalty); *Jenkins v. Semintini,* No. 93 Civ. 2045 (LMM), 1994 U.S.Dist. Lexis 5024 at *6, 1994 WL 150824 at *2 (S.D.N.Y. April 19, 1994) (dismissing claim against hearing officer where, "because the result of the disciplinary hearing ... was time already served in keeplock, it is clear that Plaintiff suffered no confinement as a result of the absence of witnesses at his disciplinary hearing"); *cf. Walker v. Bates,* 23 F.3d 652, 658–59 (2d Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 2608, 132 L.Ed.2d 852 (1994) (administrative reversal does not bar action for due process violation at disciplinary hearing where such reversal occurs after the inmate has served a portion of punishment imposed at and as a result of such hearing).

█ Moreover, even if we were to stretch the complaint even further to set forth a claim based on a purported denial of plaintiff's right to call witnesses at the December 28, 1989 hearing conducted by Lt. Schneider,[3] as the result of which plaintiff remained in keeplock until January 29, 1990, it would afford no basis for a claim against Connolly, who had nothing to do with that hearing, or Selsky, whose sole involvement with it was to *reverse* it on plaintiff's administrative appeal. As noted above, the record shows that any suggestions in the complaint that Selsky originally affirmed this hearing and waited until plaintiff's punishment had been served or an Article 78 proceeding had been commenced before reversing it—even if they are assumed to state a claim—are totally groundless.[4]

---

**3.** The complaint contains no reference at all to the December 28, 1989 hearing, thereby leaving the impression that plaintiff served 45 days in keeplock as a result of the March 30–31, 1990 hearing.

**4.** The groundlessness of these insinuations may also be inferred from the fact that New York inmates ordinarily cannot challenge disciplinary

hearings in Article 78 proceedings until they have first exhausted administrative remedies and received determinations in administrative appeals on the issues they wish to raise. See *Nelson v. Coughlin,* 188 A.D.2d 1071, 591 N.Y.S.2d 670, 671 (4th Dep't 1992), *appeal dismissed,* 81 N.Y.2d 834, 595 N.Y.S.2d 396, 611 N.E.2d 297 (1993); *Beyah v. Scully,* 143 A.D.2d 903, 533

## CONCLUSION

For the foregoing reasons, I recommend that you grant the motion of defendants Connolly and Selsky for summary judgment, deny the motion of plaintiff and dismiss this action in its entirety.

Copies of this Report and Recommendation have been mailed this date to:

Mr. Joseph Valentine
c/o 1995 Davidson Ave.
Apt. 2A
Bronx, New York 10453
August L. Fietkau, Esq.
Assistant Attorney General
State of New York Department of Law
120 Broadway
New York, New York 10271

The parties are hereby directed that if you have any objections to this Report and Recommendation you must, within ten (10) days from today, make them in writing, file them with the Clerk of Court and send copies to the Honorable Shira A. Scheindlin, to the opposing party and to the undersigned. Failure to file objections within ten (10) days will preclude later appellate review of any order that will be entered by Judge Scheindlin. *See* 28 U.S.C. § 636(b)(1); Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure; *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of HHS,* 892 F.2d 15, 16 (2d Cir.1989) (per curiam); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 58 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir.1983) (per curiam).

Dated: New York, New York.
June 6, 1995.

---

N.Y.S.2d 515 (2d Dep't 1988); *Sanchez v. Coughlin,* 112 A.D.2d 673, 492 N.Y.S.2d 180, 181 (3d Dep't 1985); *McCloud v. Coughlin,* 102 A.D.2d 854, 476 N.Y.S.2d 630 (2d Dep't 1984).

Selsky rendered his decisions on the December 28, 1989 and March 30–31, 1990 hearings within 58 days and 53 days of receipt by the Commissioner's office of plaintiff's respective appeals, thus complying with New York's regulation that "[t]he commissioner or his designee shall issue a decision within 60 days of receipt of [an inmate's] appeal [of a Superintendent's Hearing]." N.Y.Comp.Codes R. & Regs. tit. 7, § 254.8 (1994). In order for his reversal of the December 28, 1989 hearing to have affected the time plaintiff spent in keeplock, Selsky would have had to have rendered his decision on or before January 28, 1990—no more than 10 days after the Commissioner's office received plaintiff's appeal. I am aware of no constitutional basis for insisting on a more accelerated schedule for deciding appeals than New York already prescribes, and since Selsky hears well over 5000 appeals of Tier III disciplinary determinations each year, no realistic basis for insisting on one, either. *See Young v. Selsky,* 41 F.3d 47, 49 (2d Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1837, 131 L.Ed.2d 756 (1995); *id.* at 56 (Van Graafeiland, J., dissenting).