■ In the Matter of RUBIN RIVERS, Petitioner, v MELVIN WILLIAMS, as Superintendent of Gowanda Correctional Facility, et al., Respondents. [676 NYS2d 379] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner failed to raise on his administrative appeal the contentions that he was denied his right to call a witness at his disciplinary hearing and that he should have been allowed to submit to a medical examination and examine the results of a medical examination of the victim. Thus, petitioner has failed to exhaust his administrative remedies with respect to those contentions (*see, Matter of Nelson v Coughlin,* 188 AD2d 1071, *appeal dismissed* 81 NY2d 834). There is no merit to the contentions of petitioner that correction officials should have notified him in advance that the Hearing Officer intended to interview a confidential informant and that he was denied the right to question the informant (*see,* 7 NYCRR 254.5 [b]; *Matter of Abdur-Raheem v Mann,* 85 NY2d 113, 119). The misbehavior report, together with the testimony of the victim and the confidential informant, constitutes substantial evidence to support the determination (*see, Matter of Ruger v Goord,* 252 AD2d 989 [decided herewith]). The testimony of petitioner and the inmate witnesses called by him to testify merely raised an issue of credibility for the Hearing Officer to resolve (*see, Matter of Foster v Coughlin,* 76 NY2d 964, 966). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Pigott, Jr., J.) Present—Pine, J. P., Hayes, Balio and Fallon, JJ.