■ In the Matter of CHARLES BATTISTE, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [681 NYS2d 924] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner was charged with violating inmate rules 113.22 (7 NYCRR 270.2 [B] [14] [xiii] [possessing authorized articles in unauthorized areas]) and 105.12 (7 NYCRR 270.2 [B] [6] [iii] [possessing unauthorized organizational materials]). According to the inmate misbehavior report, a correction officer found petitioner in possession of numerous

photographs, one of which showed petitioner's hand displaying a "Bloods" sign. At a Tier II hearing, petitioner pleaded guilty to violating inmate rule 113.22 and not guilty to violating inmate rule 105.12. Petitioner testified that the photograph at issue depicted his hand displaying a "peace sign". After the hearing, petitioner was found guilty of violating inmate rule 105.12.

There is nothing in the record to identify the Bloods as an unauthorized organization, i.e., a "gang"; nevertheless, petitioner did not raise that issue in his administrative appeal and thus failed to exhaust his administrative remedies with respect to it (*see, Matter of Nelson v Coughlin,* 188 AD2d 1071, *appeal dismissed* 81 NY2d 834). It was for the Hearing Officer to decide whether to credit petitioner's testimony (*see, Matter of Perez v Wilmot,* 67 NY2d 615, 616). The written misbehavior report is sufficiently probative to constitute substantial evidence supporting the determination that petitioner violated inmate rule 105.12 (*see, People ex rel. Vega v Smith,* 66 NY2d 130, 140). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Green, Pine, Hayes and Boehm, JJ.