■ In the Matter of FRANCISCO VALDEZ, Petitioner, v MELVIN WILLIAMS, as Superintendent of Gowanda Correctional Facility, et al., Respondents. (Proceeding No. 1.) [684 NYS2d 729] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: The misbehavior report constitutes substantial evidence to support the determination that petitioner violated inmate rules 104.10 (7 NYCRR 270.2 [B] [5] [i]), 104.11 (7 NYCRR 270.2 [B] [5] [ii]), and 104.12 (7 NYCRR 270.2 [B] [5] [iii]) in connection with his role in a major disturbance at the Mohawk Correctional Facility involving 350 inmates, several of whom assaulted correction officers (*see, People ex rel. Vega v Smith*, 66 NY2d 130, 139). Petitioner's defense raised an issue of credibility for the Hearing Officer to resolve (*see, Matter of Polite v Goord*, 248 AD2d 1017). Contrary to petitioner's contention, the hearing was timely commenced because an extension was granted authorizing the hearing to commence 10 days after petitioner was confined to a special housing unit (*see,* 7 NYCRR 251-5.1 [a]). Petitioner contends that he was denied his right to question the author of the misbehavior report. In the absence of a request by petitioner to call that correction officer as a witness, however, the Hearing Officer was under no obligation to call him to testify (*see, Matter of Perez v Wilmot*, 67 NY2d 615, 617; *Matter of Hardwick v Coughlin*, 187 AD2d 1034, *lv denied* 81 NY2d 707). The remaining contentions of petitioner were not raised in his administrative appeal, and this Court has no discretionary power to review them (*see, Matter of Nelson v Coughlin*, 188 AD2d 1071, *appeal dismissed* 81 NY2d 834). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, O'Donnell, J.) Present—Green, J. P., Wisner, Hayes, Balio and Fallon, JJ.

■ In the Matter of FRANCISCO VALDEZ, Petitioner, v MELVIN WILLIAMS, as Superintendent of Gowanda Correctional Facility, et al., Respondents. (Proceeding No. 2.) [683 NYS2d 466] —Proceeding unanimously dismissed without costs. Memorandum: Petitioner commenced this CPLR article 78 proceeding to annul a determination that he violated certain inmate rules. Because a prior proceeding was pending for that same relief and has now been decided by this Court on the merits (*Matter of Valdez v Williams*, 256 AD2d 1118 [decided herewith]; *see,* CPLR 7804 [g]), the instant proceeding is dismissed (*see,* CPLR 3211 [a] [4]). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, O'Donnell, J.) Present—Green, J. P., Wisner, Hayes, Balio and Fallon, JJ.