■ KATHRYN LADELFA et al., Respondents, v HAL E. AKYUZ et al., Defendants, and ST. MARY'S HOSPITAL, Appellant. (Appeal No. 2.) [708 NYS2d 208] —Amended order unanimously reversed on the law without costs, motion denied and amended complaint against defendant St. Mary's Hospital reinstated. Memorandum: Supreme Court erred in granting the motion of St. Mary's Hospital (defendant) for summary judgment dismissing the amended complaint against it. Defendant met its initial burden by establishing that the private surgeon of Kathryn LaDelfa (plaintiff) was responsible for obtaining her signature on the surgical consent form, that the signatures of both plaintiff and the surgeon were on that form, and that the medical records did not support plaintiff's allegation that plaintiff had been administered Valium before signing the form. Plaintiffs, however, raised a triable issue of fact whether nurses employed by defendant asked plaintiff to sign a blank surgical consent form after she had been administered Valium. Therefore, summary judgment was inappropriate (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). (Appeal from Amended Order of Supreme Court, Monroe County, Galloway, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Scudder and Kehoe, JJ.

■ In the Matter of ROGER STOKES, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, et al., Respondents. [706 NYS2d 655] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: The detailed misbehavior report, along with the testimony of its author, constitutes substantial evidence supporting the determination that petitioner violated various inmate rules (*see, Matter of Bryant v Coughlin,* 77 NY2d 642, 647; *Matter of Foster v Coughlin,* 76 NY2d 964, 966). By failing to request any witnesses to testify in his behalf at the disciplinary hearing, petitioner failed to preserve for our review his contention that the Hearing Officer erred in not calling those witnesses, and we decline to consider that contention in the interest of justice (*see, Matter of Reeves v Goord,* 248 AD2d 994, 995, *lv denied* 92 NY2d 804). Petitioner failed to exhaust his administrative remedies with respect to his contentions concerning his employee assistant and documentary evidence, and we have no discretionary power to reach them (*see, Matter of Nelson v Coughlin,* 188 AD2d 1071, *appeal dismissed* 81 NY2d 834). We have reviewed petitioner's remaining contentions and conclude that they are without merit. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Cayuga County, Corning, J.) Present—Pigott, Jr., P. J., Green, Pine, Hayes and Hurlbutt, JJ.