■ In the Matter of Lee Oil Company, Inc., Respondent, v Thomas C. Jorling, as Commissioner of New York State Department of Environmental Conservation, Appellant.— Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: The court erred in ordering the Department of Environmental Conservation (DEC) to transfer well plugging responsibilities from Allegro Oil Company (Allegro) to Lee Oil Company, Inc. (Lee Oil). Because the

CPLR article 78 proceeding was commenced 10 months after the denial of the transfer by DEC, it was barred by both the 60-day limitation period set forth in ECL 23-0307 and the four-month period in CPLR 217. The Environmental Conservation Law does not authorize reconsideration of a determination (ECL 23-0305 [6], [8] [g]). Therefore, the telephone call by Lee Oil did not extend or toll the limitation period *(see, Matter of De Milio v Borghard,* 55 NY2d 216; *Matter of Walsh v Superintendent of Highways of Town of Poestenkill,* 135 AD2d 968, *lv denied* 72 NY2d 808).

Further, DEC's determination was not irrational or arbitrary and it was error for the court to substitute its judgment for that of DEC *(see, Matter of Warder v Board of Regents,* 53 NY2d 186, *cert denied* 454 US 1125). An administrative agency is given great deference in matters within its area of expertise *(see, Flacke v Onondaga Landfill Sys.,* 113 AD2d 440, *affd* 69 NY2d 355). DEC's determination was based on sound reasoning. Approval of a transfer would violate the regulations that require Allegro to maintain financial security before the approval of a transfer *(see,* 6 NYCRR 551.4 [c]). Also, if Allegro were to transfer the producing wells while retaining the non-producing wells without any security, the non-producing wells would have to be plugged by the State (ECL 23-0305 [8] [e]). Such a result would frustrate the purpose behind the requirement for financial security, which is to guarantee the performance of well-plugging responsibilities by Allegro *(see,* ECL 23-0305 [8]; 6 NYCRR 551.4 [a]). (Appeal from Judgment of Supreme Court, Cattaraugus County, Horey, J.—Article 78.) Present—Callahan, J. P., Green, Balio, Fallon and Doerr, JJ.