■ In the Matter of RICHARD J. A., an Infant, by DIXIE B., His Representative, Respondent, v BRIAN J. WING, as Acting Commissioner of New York State Department of Social Services, Appellant, and ROBERT J. STONE, as Commissioner of Onondaga County Department of Social Services, Respondent. [670

NYS2d 948] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Supreme Court erred in relying on 42 USC former § 606 (a) and former § 607 (a) in granting the petition to annul a determination of respondent Brian J. Wing, Acting Commissioner of New York State Department of Social Services (Commissioner), following a fair hearing to deny public assistance benefits to petitioner and directing respondent Robert J. Stone, Commissioner of Onondaga County Department of Social Services, to issue benefits to petitioner. Because that issue was not raised at the fair hearing, petitioner failed to exhaust his administrative remedies with respect to it, and the court had no discretionary power to reach the issue (*see, Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375; *Matter of International Fid. Ins. Co. v Hartnett,* 199 AD2d 1084).

The court failed to address the applicability of New York's Family Unit Rule (18 NYCRR 352.30 [a]), which was the basis for the denial of benefits by the Onondaga County Department of Social Services (County DSS), the issue raised at the fair hearing, and the issue raised in the CPLR article 78 petition. The determination of the Commissioner after the fair hearing that the Family Unit Rule precludes public assistance benefits to petitioner is not arbitrary and capricious.

In this case, James and Dixie B. adopted Carson-Lyn B., the granddaughter of Dixie. Some months later, they were awarded custody of Richard A., Dixie's grandson. The children, Carson-Lyn and Richard, are biological half siblings and biological children of Dixie's daughter. Richard applied for Aid to Dependent Children (ADC) benefits. County DSS denied his application. It determined that, because Carson-Lyn is a blood-related sibling residing in the same household as the applicant, her income and resources had to be included in the calculation of Richard's household budget and that including her income and resources made Richard financially ineligible for ADC benefits. At the fair hearing, petitioner maintained that, because Carson-Lyn is the adoptive child of James and Dixie, Carson-Lyn is the aunt of Richard and not his sister and that County DSS erred in including Carson-Lyn's income and resources. The Commissioner rejected that contention.

Section 352.30 (a) of the Commissioner's regulations (18 NYCRR 352.30 [a]) provides that, "[w]hen a minor dependent child is named as an applicant for public assistance, his or her * * * blood-related or adoptive brothers and sisters * * * must also apply for public assistance and have their income and resources applied toward the public assistance household if they

reside in the same dwelling unit as the applying minor dependent child." The Commissioner determined that the fact of adoption did not sever the sibling relationship, i.e., that Carson-Lyn and Richard remained blood-related siblings within the meaning of 18 NYCRR 352.30 (a). That determination is consistent with the plain meaning of the language of the Commissioner's regulation and with decisional law interpreting the applicable Federal statute (42 USC former § 602 [a]) and regulation (45 CFR 206.10 [a] [1] [vii] [B]) containing language identical to New York's statute (Social Services Law § 131-c [1]) and regulation (18 NYCRR 352.30 [a]; *see, Anderson v Edwards,* 514 US 143, 154; *Gorrie v Bowen,* 809 F2d 508, 516; *Jackson v Mullany,* 708 F Supp 483, 487). In addition, the interpretation by the Commissioner of his own regulation is entitled to considerable deference (*see, Rosas v McMahon,* 945 F2d 1469, 1472-1473; *see also, Matter of Lee Oil Co. v Jorling,* 190 AD2d 1072, 1073). Because there is a rational basis for the Commissioner's determination, the petition must be dismissed. (Appeal from Judgment of Supreme Court, Onondaga County, Mordue, J.—CPLR art 78.) Present—Green, J. P., Lawton, Hayes, Balio and Boehm, JJ.