◼ SEVENSON HOTEL ASSOCIATES, INC., et al., Appellants, v PETER STRANGES et al., Respondents. [692 NYS2d 880] —Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Petitioners/plaintiffs, Sevenson Hotel Associates, Inc. (Sevenson) and Doreen O'Connor (hereinafter petitioners), commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking a declaration that the sale by the municipal respondents/defendants (hereinafter municipal respondents) of a parcel of land adjacent to Sevenson's parcel to respondent/defendant Peter Stranges is null and void and to annul determinations made by the municipal respondents preliminary to the sale of that parcel. Supreme Court properly granted those parts of the motions of the municipal respondents and Stranges seeking to dismiss that part of the amended petition/complaint (hereinafter amended petition) challenging the administrative determinations. It is undisputed that petitioners did not challenge those determinations within 30 days of the filing of the determinations or the sale of the parcel (*see*, CPLR 217; General City Law § 38).

The court also properly granted those parts of the motions of the municipal respondents and Stranges seeking to dismiss the amended petition insofar as it seeks annulment of the issuance of a building permit. By failing to appeal that determination to the Zoning Board of Appeals, petitioners failed to exhaust their administrative remedies, and this Court lacks the discretionary power to review that determination (*see, Matter of Arvinger v Goord*, 255 AD2d 940; *Matter of Richard J. A. v Wing*, 248 AD2d 971; *Matter of Nelson v Coughlin*, 188 AD2d 1071, *appeal dismissed* 81 NY2d 834). We reject petitioners' contention that, because the municipal respondents and Stranges did not raise the issue of exhaustion of administrative remedies in their initial motion papers, the subsequent assertion of that issue violates the "single motion rule" (*see*, CPLR 3211 [e]). The issue was properly raised in response to the amendment of the petition/complaint (*see, Held v Kaufman*, 91 NY2d 425, 430).

The court properly determined that the amended petition fails to state a cause of action under General Municipal Law § 51. The amended petition does not allege corruption or fraud or facts indicating that the sale of the parcel constituted a use of the property " 'for entirely illegal purposes' " (*Mesivta of Forest Hills Inst. v City of New York*, 58 NY2d 1014, 1016; *see, Kaskel v Impellitteri*, 306 NY 73, 79, *rearg denied* 306 NY 609, *cert denied* 347 US 934). The court erred, however, in dismissing the amended petition rather than declaring the rights of the parties (*see, Pless v Town of Royalton*, 185 AD2d 659, 660, *affd* 81 NY2d 1047). Thus, we modify the judgment by reinstating the amended petition and granting judgment in favor of the municipal respondents and Stranges declaring that the sale of the subject parcel to Stranges did not violate General Municipal Law § 51. (Appeal from Judgment of Supreme Court, Niagara County, Fahey, J.—Declaratory Judgment.) Present— Denman, P. J., Pine, Lawton, Hurlbutt and Balio, JJ.