■ In the Matter of BLOSSOM VIEW NURSING HOME, Respondent, v ANTONIA C. NOVELLO, M.D., as Commissioner of Health of State of New York, et al., Appellants. [773 NYS2d 653]—

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Andrew V. Siracuse, J.), entered February 7, 2003 in a proceeding pursuant to CPLR article 78. The judgment granted the petition.

It is hereby ordered that the judgment so appealed from be

and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding in the nature of prohibition seeking a determination that any proposed audits by respondents of petitioner's patient review instruments (PRIs) for the years 1994 through 1996 would be untimely. Petitioner has not established a "clear legal right" to the relief sought and thus Supreme Court erred in granting the petition (*Matter of Haggerty v Himelein*, 89 NY2d 431, 435 [1997]; *see generally Matter of Niagara Frontier Transp. Auth. v Nevins*, 295 AD2d 887 [2002]). Respondents acknowledge that there is a six-year limitations period on audits of fiscal and statistical records and reports submitted by nursing homes pursuant to 18 NYCRR 517.3 (a) (1) and 10 NYCRR 86-2.7. They contend, however, that review of PRIs is governed by 10 NYCRR 86-2.30 (e), which contains no limitations period except for the provision that the Department of Health (DOH) may conduct "timely on-site observations and/or interviews of patients/residents and review their medical records" in order to ensure accuracy of the PRIs (10 NYCRR 86-2.30 [e] [5]). We agree with respondents that the interpretation by DOH of its own regulations is not irrational or unreasonable, and the court therefore should have deferred to that interpretation (*see Flacke v Onondaga Landfill Sys.*, 113 AD2d 440, 444 [1985], *affd* 69 NY2d 355 [1987]; *see also Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459 [1980]; *Matter of Cortlandt Nursing Care Ctr. v Whalen*, 46 NY2d 979, 980 [1979]; *Matter of Richard J.A. v Wing*, 248 AD2d 971, 973 [1998]). The fact that DOH's "interpretation might not be the most natural reading of the regulation[s], or that the regulation[s] could be interpreted in another way, does not make the interpretation irrational" (*Matter of Elcor Health Servs. v Novello*, 100 NY2d 273, 280 [2003]). DOH's interpretation of the regulations is supported by the fact that audits of fiscal and statistical records and reports are treated under a regulation separate from the regulation governing review of PRIs and, in addition, by the fact that the regulation creating and governing review of PRIs was promulgated by DOH at a time when the Department of Social Services was responsible for auditing financial and statistical reports pursuant to Social Services Law §§ 364 and 368-c and regulations promulgated thereunder. We further conclude that petitioner has not established on the present record that it will be substantially prejudiced by respondents' delay in seeking the audits of the PRIs (*see generally St. Joseph's Hosp. Health Ctr. v Department of Health of State of N.Y.*, 247 AD2d 136, 151-152 [1998], *lv denied* 93 NY2d 803 [1999]; *see also Matter of*

1058

*Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, 180-181 [1985], *rearg denied* 66 NY2d 1035 [1985], *cert denied* 476 US 1115 [1986]). We therefore reverse the judgment and dismiss the petition. Present—Wisner, J.P., Hurlbutt, Kehoe, Lawton and Hayes, JJ.