TIMOTHY BUSH, Respondent, v ANDREW OZOGAR, Appellant. [801 NYS2d 453]—

Appeal from a judgment (denominated order) of the Supreme Court, Cattaraugus County (Michael L. Nenno, A.J.), entered January 13, 2004. The judgment, inter alia, granted plaintiff a prescriptive easement.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In this action commenced by plaintiff pursuant to RPAPL article 15 against an adjoining residential land-

owner, Supreme Court properly declared that plaintiff "has a prescriptive easement for parking and for access between the [parties' respective] houses," and further properly directed defendant to remove a fence that interfered with that easement. Plaintiff met his burden of establishing by clear and convincing evidence that his use of defendant's land was adverse, open and notorious, continuous and uninterrupted for the prescriptive period (*see* RPAPL 311; *Di Leo v Pecksto Holding Corp.*, 304 NY 505, 512 [1952]; *D.D.R. Realty Corp. v Library Lane Assoc., LLC*, 16 AD3d 541 [2005]; *Allen v Farrell*, 266 AD2d 857, 858 [1999], *appeal dismissed* 95 NY2d 777 [2000]). The court further properly rejected defendant's contention that an easement by prescription cannot be recognized because an express grant of easement would be in violation of the law (*see generally City of New York v Wilson & Co.*, 278 NY 86, 97 [1938], *rearg denied* 278 NY 702 [1938]; *Burbank v Fay*, 65 NY 57, 66 [1875]). Contrary to his contention, defendant failed to establish that plaintiff's use of the driveway violates a municipal ordinance. Present—Hurlbutt, J.P., Scudder, Kehoe, Martoche and Hayes, JJ.