In the Matter of PATRICK J. CHAREST et al., Appellants, v SANDRA A. MORRISON et al., Respondents. [852 NYS2d 503]—

Appeal from a judgment (denominated order) of the Supreme Court, Chautauqua County (Paula L. Feroleto, J.), entered October 5, 2006 in a proceeding pursuant to CPLR article 78. The judgment, among other things, dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioners commenced this proceeding seeking, inter alia, to direct respondent Town of Ellery Zoning Officer to revoke the building permit issued to respondent Arthur Armbrecht allowing him to construct a single family home on lot 1 of the Summit Park subdivision in respondent Town of Ellery (Town). Petitioners, the owners of property adjacent to lot 1, contended, inter alia, that the proposed construction violates the minimum front setback required under the Town's zoning law. We conclude that Supreme Court properly dismissed the petition, although our reasoning differs from that of the court. The challenged determination was subject to review by the Town's Zoning Board of Appeals and petitioners failed to seek that review. Dismissal of the petition therefore was required based on the failure of petitioners to exhaust their administrative remedies (see Town Law § 267-b [1]; *Sabatini v Incorporated Vil. of Kensington*, 284 AD2d 320, 320-321 [2001]; *Sevenson Hotel Assoc. v Stranges*, 262 AD2d 957, 958 [1999]). The fact that respondents raised the failure to exhaust administrative remedies for the first time on appeal is of no moment. This Court has no discretionary authority to review the merits of the petition inasmuch as petitioners failed to exhaust their administrative remedies (see *Matter of Nelson v Coughlin*, 188 AD2d 1071 [1992]; see also *Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]). In any event, were we to reach the merits of the petition, we would agree with the court that the front setback for the house to be built on lot 1, as measured from the edge of the paved portion of the road, was in compliance with the Town's zoning law. Present—Scudder, P.J., Hurlbutt, Lunn, Fahey and Pine, JJ.