# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1599**
**CA 10-01309**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF JOSEPH ESPOSITO,
PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

CITY OF ROCHESTER AND CITY OF ROCHESTER
PLANNING COMMISSION, CONSISTING OF D.
WATSON, S. REBHOLTZ, D. SUCHY, E. MARLIN,
H. ZIMMER-MEYER, AND W. CLARK,
RESPONDENTS-RESPONDENTS.

---

FRANK A. ALOI, ROCHESTER, FOR PETITIONER-APPELLANT.

THOMAS S. RICHARDS, CORPORATION COUNSEL, ROCHESTER (MICHELE DIGAETANO
OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment (denominated decision) of the Supreme Court, Monroe County (William P. Polito, J.), entered December 7, 2009 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination denying his application for a special permit allowing him to use specified property for parking in connection with the Cordial Lounge, an adult cabaret owned and operated by petitioner. We conclude that Supreme Court properly dismissed the petition.

The Cordial Lounge is located at 392 Lyell Avenue in Rochester, and petitioner also owns property on Sherman Street that is located in an R-1 low density residential zoning district. The Sherman Street property (hereafter, Sherman Street lots) adjoins 392 Lyell Avenue and has been used as off-street parking for the Cordial Lounge, although petitioner and his predecessors in interest never obtained zoning approval to use the Sherman Street lots for such parking.

In 2003 petitioner entered into a contract with respondent City of Rochester (City) to purchase property located at 406-410 Lyell Avenue, which also adjoins 392 Lyell Avenue, for use as additional off-street parking for the Cordial Lounge. The contract provided that the transfer of title was contingent on petitioner's compliance with

the existing zoning classifications and that any changes of land use classification would be initiated by petitioner and completed prior to the date of transfer of title.  Respondent City of Rochester Planning Commission (Planning Commission) subsequently informed petitioner that, pursuant to the City's zoning ordinance, the development of 406-410 Lyell Avenue as a parking lot required the approval of the Planning Commission.  In addition, the Planning Commission informed petitioner that he must obtain approval for the off-street parking use of the Sherman Street lots because those lots "will connect and integrate" with the properties at 406-410 Lyell Avenue and 392 Lyell Avenue, and City ordinances prohibit the sale of real property to a purchaser who owns other property that is not in compliance with the City's codes and ordinances.

In October 2005, petitioner's application for a special permit allowing parking use of 406-410 Lyell Avenue and the Sherman Street lots was denied by the Planning Commission because, inter alia, the proposed use was not in harmony with the goals, standards and objectives of the City's comprehensive plan, despite the allegations of petitioner that he had neighborhood support for his application. Petitioner did not seek judicial review of the Planning Commission's determination.  In early 2006, the City cancelled the contract for the sale of 406-410 Lyell Avenue on the ground that petitioner failed to obtain the requisite zoning approval.  Subsequently, in June 2009, the Planning Commission denied petitioner's second application for a special permit allowing the use of 406-410 Lyell Avenue and the Sherman Street lots as ancillary parking for the benefit of the Cordial Lounge because, inter alia, the proposed use was not in harmony with the goals, standards and objectives of the City's comprehensive plan.

We reject petitioner's contention that the City improperly cancelled the contract for the sale of 406-410 Lyell Avenue.  It is undisputed that petitioner did not obtain the zoning approval required by the contract, and thus the City was entitled to cancel the contract because petitioner failed to satisfy a condition precedent for closing.  Also contrary to petitioner's contention, the determination of the Planning Commission that petitioner was required to obtain approval for the parking use of the Sherman Street lots had a rational basis and was supported by substantial evidence (*see generally Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613).

We further conclude that petitioner did not establish that he acquired an easement by prescription to use 406-410 Lyell Avenue as a parking lot.  In order to establish that he had such an easement, petitioner had the "burden of establishing by clear and convincing evidence that his use of [the] land was adverse, open and notorious, continuous and uninterrupted for the prescriptive period" (*Bush v Ozogar*, 21 AD3d 1407, 1408; *see* RPAPL 311).  Petitioner admitted, however, that the City's predecessor in interest had permitted the use of 406-410 Lyell Avenue as parking for customers of the Cordial Lounge and, because the use "was initially permissive in nature, it was incumbent upon [petitioner] to show the assertion of a hostile right which is made known to the property owner" (*Northtown, Inc. v*

*Vivacqua*, 272 AD2d 917, 918 [internal quotation marks omitted]; *see Penn Hgts. Beach Club, Inc. v Myers*, 42 AD3d 602, 606, *lv dismissed* 10 NY3d 746).  Petitioner failed to make any such showing.

Petitioner failed to exhaust his administrative remedies with respect to his further contention that no special permit to use the Sherman Street lots was needed because his use of those properties was a legal nonconforming use.  Petitioner failed to raise that contention before the Planning Commission, and "[t]his Court has no discretionary authority to review the merits" of that contention (*Matter of Charest v Morrison*, 48 AD3d 1178, 1179; *see Matter of Nelson v Coughlin*, 188 AD2d 1071, *appeal dismissed* 81 NY2d 834).  Contrary to petitioner's further contentions, the June 2009 determination of the Planning Commission denying petitioner's second application for a special permit was not " 'illegal, arbitrary and capricious or irrational . . .[, nor was it] an abuse of discretion' " (*Matter of Violet Realty, Inc. v City of Buffalo Planning Bd.*, 20 AD3d 901, 902, *lv denied* 5 NY3d 713; *see generally Pecoraro*, 2 NY3d at 613).  Finally, we reject the contention of petitioner that there are remaining issues of fact warranting remittal for a trial (*see generally* CPLR 7804 [h]).

Entered:  February 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court